C. T. BRADLEY, *sole surviving partner*, v. DENNIS LARKIN, JR.

### No. 96.

FRAUDULENT CONVEYANCE — *creditor must have been prejudiced by, before he can attack.* Before a creditor will be permitted to attack the validity of a conveyance of real estate made by his debtor, it must be made to appear that his rights have been prejudiced by reason of such conveyance.

Error from Wabaunsee District Court. Hon. William Thomson, Judge. Opinion filed December 29, 1896. *Affirmed.*

*Pulsifer & Alexander*, for plaintiff in error.
*Bertram & Nicholson*, for defendant in error.

CLARK, J. This was an action, originally brought in the District Court of Morris County, by Bradley & Metcalf, to recover from Dennis Larkin, Jr., Dennis

12          BRADLEY v. LARKIN.

N. Dept.                Opinion.   Clark, J.              5 Kan. App.

Larkin, Sr. and Martin Larkin upon three promissory notes executed by them to the plaintiffs, and to foreclose a mortgage securing their payment, given by Dennis Larkin, Jr. upon 120 acres of land in Morris County. The case was subsequently taken, by change of venue, to Wabaunsee County, where the trial was had and the judgment complained of was rendered. All persons interested in the controversy were made parties to the action in the court below and were duly served with process; but all, save one, made default. Dennis Larkin, Jr., filed an answer, and therein admitted that, on June 4, 1889, he signed the notes and mortgage mentioned and described in the petition, as therein stated; but alleged that the same were given to secure a pre-existing indebtedness incurred by Martin and Dennis Larkin, Sr., for the payment of which they alone were liable to the plaintiffs; that he was induced to sign the same without any consideration or value to him; that at the date of their execution he was a minor; that he attained the age of majority on June 20, 1889; and that, within a reasonable time thereafter, he, in writing, duly notified the plaintiffs that at the time he signed said notes and mortgage he was a minor, and that he disaffirmed said contracts and his said acts in signing and executing said notes and mortgage, to which disaffirmance he still adhered. To this answer the plaintiffs replied, denying generally the allegations of new matter therein contained, but alleging that, even if the answering defendant were a minor at the time he executed the notes and mortgage, he was, owing to his previous conduct, as well as to his failure to disaffirm his contract within a reasonable time after becoming of age, estopped from taking advantage of such defense. They admitted the

BRADLEY v. LARKIN.                13

Dec. 29, 1896.        Opinion.    Clark, J.           E. Div.

instruments sued on were given for the purpose of securing a pre-existing indebtedness primarily contracted and incurred by Martin and Dennis Larkin, Sr., in favor of the plaintiffs, but alleged that that indebtedness was incurred prior to January 1, 1889; that on January 12, thereafter, Dennis Larkin, Sr., and his wife conveyed to his son, the defendant Dennis Larkin, Jr., all the real estate which said Dennis Larkin, Sr., then owned and which was not occupied by him as a homestead, including the land in controversy; that such conveyance was made without any consideration, and for the purpose of hindering, delaying and defrauding the creditors of Dennis Larkin, Sr., including the plaintiffs, to whom he was at that time indebted in the sum of $1,400, and that such conveyance operated to hinder, delay and defraud such creditors; that these notes and the mortgage were executed by Dennis, Jr., at the instance and request, and with the full knowledge and consent, of the alleged fraudulent grantor, to secure such indebtedness due to the plaintiffs, and that, in such transaction, Dennis, Jr., acted as the agent and trustee for Dennis, Sr. There was a general finding in favor of the defendant in error. A motion for a new trial was overruled, and judgment was rendered in accordance with the general finding. C. G. Bradley, the sole surviving partner of the plaintiffs below, has brought the case to this court for review.

The evidence is uncontradicted that, on June 4, 1889, the date of the execution of the notes and mortgage, Dennis Larkin, Jr., was a minor. Although he alleged in his answer that he became of age on June 20, 1889, it is clear from the evidence that he was born on the 27th day of December, 1868. On the 15th

14     BRADLEY v. LARKIN.

N. Dept.       Opinion.   Clark, J.       5 Kan. App.

day of May, 1890, he notified the plaintiffs that he disaffirmed and repudiated his contracts with them ; and we cannot say that this was not done within a reasonable time after arriving at his majority. Nor is there any showing that the rights of the plaintiffs were prejudiced by a failure to disaffirm such contract immediately after he came of age.

The plaintiff in error complains of the ruling of the court upon the defendant's motion to strike out certain evidence tending to show that Dennis Jr. was, by his conduct prior to the execution of this mortgage, estopped from relying upon his minority in avoidance of the contract ; but an examination of the record discloses that this evidence was introduced by the plaintiffs below under the erroneous ruling of the court that the burden of proof was upon them to show that the contract sued on had been executed by a person competent to make the same. Thereafter the court properly ruled that, under the pleadings, the burden of proof was upon the defendant, and, accordingly, sustained the defendant's motion to strike out the evidence which had been introduced by the plaintiffs. The defendant then offered proof tending to support the allegations of his answer. When this was done, the evidence which had been stricken out became material ; but no offer was made to again introduce it.

Many additional assignments of error are presented, but the real question at issue is, whether the court erred in refusing to allow the plaintiffs to introduce evidence tending to show that the real estate covered by this mortgage was conveyed to Dennis Jr. for the purpose of hindering, delaying and defrauding the creditors of the grantor, and that the notes and mort-

Dec. 29, 1896.        Opinion.   Clark, J.              E. Div.

gage sued on were executed at the instance and request, and with the full knowledge and consent, of Dennis Sr., to secure the indebtedness due from him to the plaintiffs, which had been created before the date of the alleged fraudulent conveyance.

In the petition, the plaintiffs allege that Dennis Jr. is the owner of certain real estate which he mortgaged to them to secure the payment of their claim, and they seek to enforce that lien ; while, under the reply, the claim is made that Dennis Sr. conveyed the land to his son in order to defraud his creditors, and that that conveyance was therefore void ; that the real estate therein described in fact belonged to Dennis Sr., and that, in the execution of the mortgage to the plaintiffs, Dennis Jr. acted as the agent and trustee of Dennis Sr. ; and the prayer of the petition for foreclosure is renewed.   If, as contended by the defendant in error, the reply states a cause of action in the nature of a creditor's bill in equity, we perceive no error in the rulings of the court upon the admission of evidence offered by the plaintiffs.   The rule is elementary that a conveyance of real estate, made with the intention and for the purpose of defrauding the creditors of the grantor, is, nevertheless, good as between the parties thereto, and that a creditor of such grantor cannot successfully attack the validity of such conveyance unless it is made to appear that the rights of the creditor are prejudiced by reason thereof.   No such action can be maintained until it has first been ascertained that, at the date of the institution of such proceeding, the alleged fraudulent grantor was not, outside of the property so conveyed, possessed of sufficient estate which could be seized, for the satisfaction of the plaintiffs claim.   If the payment of the amount due the plaintiffs can be legally enforced without resorting

to a court of equity to have a trust declared or a con-
veyance of real estate set aside as fraudulent, then
the question whether the deed from Dennis Sr. to his
grantee was made with fraudulent intent on the part
of the grantor, or without any valid consideration,
becomes immaterial.    While the reply alleged that
such conveyance was without consideration, that it
operated to hinder, delay and defraud the creditors of
the grantor, and that it was executed for such pur-
pose, there is no allegation therein that, at the time
this action was brought, Martin and Dennis Larkin
Sr. did not have ample means, subject to execution,
with which to satisfy in full the claims of all their
creditors.    If, as contended by the plaintiff in error,
the real estate in controversy in fact belonged to Den-
nis Sr., and the plaintiffs were entitled to establish in
this action the facts which they alleged in their reply,
we would not be authorized to review the judgment.
As the record now stands, this property is not liable
for the satisfaction of the plaintiff's claim.    If that
property in fact belongs to Dennis Sr., a reversal of
the judgment might very materially affect his rights ;
and he is not made a party to this proceeding in error.
The judgment of the District Court must be affirmed.